STATE of Wisconsin, Plaintiff-Appellant,

v.

Michael A. LITTLEJOHN,
Defendant-Respondent-Petitioner.

Supreme Court

*No. 2007AP900–CR. Oral argument April 13, 2010.
—Decided July 15, 2010.*

2010 WI 85

(Also reported in 786 N.W.2d 123.)

For the defendant-respondent-petitioner there were briefs and oral argument by *William E. Schmaal,* assistant state public defender.

For the plaintiff-appellant the cause was argued by *Michael J. Losse,* assistant attorney general, with whom on the brief was *J.B. Van Hollen,* attorney general.

¶ 1. MICHAEL J. GABLEMAN, J.    This is a review of a published decision of the court of appeals reversing the circuit court's grant of a motion to suppress evidence seized from a locked automobile. The issue in this case is identical to the issue in *State v. Dearborn,* 2010 WI 84, ___ Wis. 2d ___, 786 N.W.2d 97, which we also decide today. The question presented is, when a search incident to arrest is conducted by law enforcement officers who act in objectively reasonable reliance on clear and settled precedent authorizing that search, but the search is later declared unconstitutional, should the remedy of exclusion apply to bar admission of the illegally obtained evidence?

¶ 2.    The facts in this case are similar but unrelated to the events in *Dearborn.* More details can be found in the court of appeals opinion, *State v. Littlejohn,* 2008 WI App 45, 307 Wis. 2d 477, 747 N.W.2d 712, but the relevant facts are as follows.

¶ 3.    Littlejohn was arrested for driving with a revoked license. After officers placed him under arrest, handcuffed him, and placed him in a squad car, they searched Littlejohn's locked automobile. In the passenger compartment, officers found what appeared to be marijuana and cocaine. A search of the locked trunk

108

revealed more marijuana, cocaine, and drug paraphernalia. Based on this evidence, the police obtained a warrant to search Littlejohn's residence, where they found additional incriminating evidence.

¶ 4. Littlejohn moved to suppress the evidence seized from his car and residence. The circuit court granted the motion because there were not "sufficient facts to raise an honest belief in a reasonable mind that any objects sought [we]re linked to the commission of a crime, and that they [would] be found in the [automobile]." The court of appeals reversed, holding that the search was valid, incident to Littlejohn's lawful arrest. 307 Wis. 2d 477, ¶ 1.

¶ 5. For the reasons set forth in *Dearborn*, ___ Wis. 2d ___, ¶¶ 14–49, we affirm the court of appeals. We hold that the good faith exception precludes application of the exclusionary rule where officers conduct a search in objectively reasonable reliance upon clear and settled Wisconsin precedent that is later deemed unconstitutional by the United States Supreme Court. Accordingly, we affirm the court of appeals and remand the cause for further proceedings.

*By the Court.*—The opinion of the court of appeals is affirmed and the cause remanded for further proceedings.

¶ 6. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). I dissent for the reasons set forth in my dissent in *State v. Dearborn*, 2010 WI 84, ___ Wis. 2d ___, 786 N.W.2d 97, decided today.

¶ 7. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.